UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AT&T, INC,

        Plaintiff                      Case No.

-vs-                                           Hon.

COUZENS, LANSKY, FEALK, ELLIS,
ROEDER & LAZAR, P.C., LAW OFFICE
OF DAVID L. MARTIN and TIMMIS &
INMAN, L.L.P.

        Defendants.
_____

David R. Deromedi (P42093)
Dickinson Wright PLLC
Attorneys for Plaintiff
500 Woodward Avenue -- Suite 4000
Detroit, MI 48226
(313) 223-3500
_____

## COMPLAINT IN INTERPLEADER

This case arises out of the same transaction and occurrence as the following cases consolidated in the U.S. District Court, Eastern District of Michigan:

*Pamela S. Anton, Plaintiff v. AT&T Global Services, Inc., d/b/a Ameritech Information Systems, Inc., a/k/a Ameritech, a/ka AT&T/Ameritech, Defendant;* Case Number 01-40098; Hon. Sean F. Cox; and

*Cheryl Freeman Snipes, Plaintiff v. AT&T Global Services, Inc., d/b/a Ameritech Information Systems, Inc., a/k/a Ameritech, a/k/a AT&T/Ameritech, Defendant;* Case Number 01-40213; Hon. Sean F. Cox.

## NATURE OF THE ACTIONS

This action arises from a dispute regarding the application of a notice of lien for attorneys' fees filed in the matters of Pamela S. Anton, Plaintiff v. SBC Global Services, Inc., d/b/a Ameritech Information Systems, Inc., a/k/a Ameritech, a/ka SBC/Ameritech, Defendant; Case Number 01-40098; Hon. Sean F. Cox; and Cheryl Freeman Snipes, Plaintiff v. SBC Global Services, Inc., d/b/a Ameritech Information Systems, Inc., a/k/a Ameritech, a/k/a SBC/Ameritech, Defendant; Case Number 01-40213; Hon. Sean F. Cox, and in relation to payment of attorneys' fees in the sum of $1,217,499.33 among and between Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C., Timmis & Inman, P.C., and the Law Offices of David Martin,

## PARTIES

1. Interpleader Plaintiff AT&T, Inc. ("AT&T") is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Dallas, Texas. It is duly licensed to and does business in the State of Michigan. AT&T, including its business unit AT&T Business Solutions, is a successor to SBC Global Services, Inc.

2. Defendant Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C. is a professional corporation organized under the laws of the State of Michigan and with its principal place of business in Farmington Hills, Oakland County, Michigan.

3. Defendant Timmis & Inman, L.L.P is a limited liability partnership organized under the laws of the State of Michigan and with its principal place of business in Royal Oak, Oakland County, State of Michigan.

4.	The Law Office of David Martin is a law firm with its principal place of business in Toledo, Lucas County, State of Ohio.

5.	The amount in controversy in this Interpleader action exceeds $500.

## JURISDICTION AND VENUE

6.	This Court has jurisdiction over this Interpleader action pursuant to 28 U.S.C. § 1335, in that this matter involves a dispute between two or more adverse claimants of diverse citizenship as that term is defined in 28 U.S.C. § 1332(a) or (d) and the amount in controversy is greater than $500.

7.	Venue of this matter is proper in the Federal District Court in the Eastern District of Michigan, Southern Division.

## CAUSE OF ACTION IN INTERPLEADER

8.	On September 14, 2007 Judgments were entered in the matters of *Pamela Anton v SBC Global Services* in the amount of $3,832,554.00 and *Cheryl Freeman Snipes v SBC Global Services* in the amount of $3,498,540.00, plus interest on both Judgments.

9.	The primary trial lawyer for Pamela Anton and Cheryl Freeman Snipes in these matters was David Lawrence.  His co-counsel was David Martin of the Law Office of David L. Martin.

10.	While the *Anton* and *Freeman Snipes* matters were being litigated Mr. Lawrence was associated with the law firm of Timmis & Inman, P.C.  At some time prior to trial in this matter Mr. Lawrence moved from Timmis & Inman to the law firm of Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C. ("Couzens, Lansky").  Mr. Lawrence has been with Couzens Lansky through trial and appeal of these matters.

11. On January 6, 2005 Timmis & Inman filed a Notice of Lien for attorneys' fees in both the *Anton* and *Freeman Snipes* matters.

12. On September 21, 2007 an attorney for Timmis & Inman sent an e-mail to counsel for AT&T requesting that once it was ready to make payment on the verdicts, or it reached a settlement, to notify him of that fact and have any checks include Timmis & Inman as a payee on the settlement checks.

13. AT&T has paid Ms. Anton and Ms. Freeman Snipes the amount of their respective Judgments referenced herein.  In addition, it has made a partial payment of the judgment interest to both individuals. .

14. The remaining sum due to be paid in the *Anton* and *Freeman Snipes* matters of $1,217,499.33 is attributable to attorneys' fees determined through each persons.  Each of the three Interpleader Defendants have claims to a portion of this sum.

15. AT&T has no claim to this amount.  It is ready, willing an able to pay each Interpleading Defendant their respective portion from the sum of $1,217,499.33.

16. Because of the rival claims for attorneys' fees from each of the Interpleading Defendants, it not possible for AT&T to safely determine the amounts to be paid to the various Interpleading Defendants without the risk of multiple claims and liability.

17. AT&T therefore respectfully requests that this Court determine the portion of the total sum to be paid to each of the Interpleading Defendants for their attorneys' fees.

18. Accordingly, upon order of this Court, AT&T, through its AT&T Business Solutions unit, will deposit into the registry of the Court the amount in controversy for dispute in accordance with the Judgment of the Court.

WHEREFORE, AT&T demands Judgment as follows:

(A)     Requiring the Interpleading Defendants to answer this Complaint in Interpleader and litigate their claims among themselves over the sum of attorneys' fees in this action;

(B)     Permitting AT&T, through AT&T Business Solutions, to deposit the amount in question into the registry of this Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out to the Defendants as this Court shall direct;

(C)     Dismissing AT&T with prejudice from this action, and discharging it from any further liability upon payment of the amount in controversy into the registry of this Court or as otherwise directed by this Court;

(D)     Awarding AT&T any other and further relief as this Court deems just and proper.

DICKINSON WRIGHT PLLC


By: /s/_____
     David R. Deromedi (P42093)
Attorneys for Plaintiff AT&T, Inc.
500 Woodward Avenue – Suite 4000
Detroit, MI 48226
(313) 223-3500

DETROIT 19738-118 1150230